**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHAMEEN PARKS, | : |
| Plaintiff | : CIVIL ACTION NO. 3:25-CV-967 |
| v. | : (JUDGE MANNION) |
| RALPHIE ORTEGA, | : |
| Defendant | : |

## <u>MEMORANDUM</u>

The matter before the Court is Ralphie Ortega's ("Defendant") motion to dismiss Shameen Parks's ("Plaintiff") amended complaint, (**Doc. 9**), and accompanying brief, (**Doc. 9-1**). For the reasons set forth below, Defendant's motion will be **DENIED**.

## I.    BACKGROUND

The underlying cause of action is brought before the Court pursuant to 42 U.S.C. §1983. According to Plaintiff on June 8, 2023, at approximately 2:30 a.m., Defendant conducted a traffic stop of a car driven by Plaintiff. (Doc. 8 at 2). The traffic stop was recorded on a dashboard video camera inside Defendant's patrol car, and on various body-worn cameras ("BWC"s) of officers Tyler Mitchell ("Officer Mitchell"), and Robert Eberle ("Officer Eberle"). *Id.* at 3.

Plaintiff alleges that during the traffic stop, Defendant asked Plaintiff for identification, which Plaintiff refused to provide until a captain was called. *Id.* Defendant directed Plaintiff to exit the vehicle, and ultimately handcuffed Plaintiff. *Id.* at 3-4). Plaintiff alleges that Defendant handcuffed Plaintiff too tightly. *Id.* at 4. After Plaintiff was handcuffed, officer Michael Chica ("Officer Chica") and Officer Mitchell arrived at the scene. *Id.* at 4; *see also* Doc. 7, Ex. F at 2:53:19 a.m.

A discussion ensued between Defendant, and Officers Mitchell and Chica, which was recorded on Officer Mitchell's BWC without audio. Doc. 8 at 4. This portion of the traffic stop was recorded on Officer Mitchell's BWC, but within approximately six seconds of the handcuffs being applied, the microphone cut off for the next six minutes. *Id.* at 4. Plaintiff alleges that within a minute after being handcuffed, while Officer Mitchell's BWC audio was turned off, Plaintiff told Defendant that the handcuffs were too tight and hurting him. *Id.* Plaintiff claims that Defendant heard Plaintiff's complaints, looked at the handcuffs, and refused to adjust them. *Id.* at 5. Plaintiff claims that it is apparent that he complained about the handcuffs because Officer Mitchell's camera pans down to show the handcuffs twice within a twenty-second period. *Id.*

According to Plaintiff, after approximately twenty minutes of being handcuffed, Plaintiff told Officers Mitchell and Chica that his hands were starting to go numb. *Id.*; *see also* Doc. 7, Ex. F at 03:11:52 a.m. Officer Chica examined the handcuffs and remarked that they were "a little snug." Doc. 8 at 5; *see also* Doc. 7, Ex. F at 03:11:52-3:12:10 a.m. Plaintiff alleges that Defendant, while seated in his patrol car "within earshot," heard the exchange between Plaintiff and Officers Mitchell and Chica regarding the tight handcuffs. Doc. 8 at 6; *see also* Doc. 7, Ex. F at 03:13:40-03:14:52 AM. Nonetheless, Plaintiff claims that Defendant failed to adjust the handcuffs. Doc. 8 at 6.

For approximately thirty-five minutes, Plaintiff alleges that he remained snugly handcuffed. *Id.* Once Officer Eberle removed Plaintiff's handcuffs Plaintiff cursed in pain and asked for an ambulance. *Id.* at 6; *see also* Doc. 7, Ex. F at 03:25:26 a.m. The ambulance provided ice to Plaintiff. Doc. 8 at 6. Plaintiff was ultimately charged with and pleaded guilty to two summary offenses: failing to provide proof of financial responsibility, in violation of 75 Pa.C.S. §1786(c), and failing to use hazard signals, in violation of 75 Pa.C.S. §4305(a). *Id.*

Plaintiff alleges that in the days following the seizure, he continued to feel numbness and tingling in his left wrist. *Id.* at 7. An orthopedic surgeon

diagnosed him with left wrist compression with median neuritis. *Id.* Further testing revealed that Plaintiff had median and ulnar nerve entrapment, tendonitis, and carpal tunnel syndrome. *Id.* Ultimately, Plaintiff received two surgeries on his left wrist in February and June of 2024. *Id.*

Plaintiff commenced the underlying action on May 30, 2025. (Doc. 1). After Defendant filed a motion to dismiss the complaint, Plaintiff filed an amended complaint with jury demand. (Docs. 5, 8). On October 9, 2025, Defendant filed the immediate motion to dismiss the amended complaint and his supporting memorandum of law. (Docs. 9, 9-1). Plaintiff filed his brief in opposition to Defendant's motion on October 30, 2025. (Doc. 13). Defendant filed a reply brief on November 12, 2025. (Doc. 14). This matter is now ripe for disposition.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint that contains only "labels

- 4 -

and conclusions," or a "formulaic recitation of the elements of a cause of action" does not comply with Rule 8. *Id.*

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

- 5 -

Plausibility does not require probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" liability do not satisfy this standard. *Id.*

As noted above, the Court at this stage accepts the complaint's factual allegations as true. This tenet "is inapplicable to legal conclusions." *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The federal pleading standard just described requires that district courts "conduct a two-part analysis." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

- 6 -

*Fowler*, 570 F.3d at 210–11 (internal citations and quotations omitted).

In considering a motion to dismiss, the Court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,1261 (3d Cir. 1994).

### III.    DISCUSSION

Defendant argues that (1) Plaintiff's complaint should be dismissed, pursuant to Rule 12(b)(6), because the BWC evidence shows that Defendant had no knowledge that Plaintiff's handcuffs were causing him pain; and (2) even if Defendant heard Plaintiff's complaints of pain, Defendant is protected

by qualified immunity. (Doc. 9-1). The Court addresses each argument in turn, and hold that they are without merit.

## A. §1983 and Excessive Force

Plaintiff brings his Fourth Amendment claim against Defendant through §1983, which is the statutory vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. §1983; *see also Thomas v. Tice*, 948 F.3d 133, 138 (3d Cir. 2020). This statute states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. §1983. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F.Supp.2d 311, 315 (M.D.Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002)). "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must

- 8 -

show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff's Amended Complaint alleges that Defendant used unreasonable force against Plaintiff, in violation of the Fourth Amendment of the United States Constitution. Doc. 8 at 8. Plaintiff alleges that "within one minute after Defendant had handcuffed [Plaintiff], Plaintiff stated to Defendant that the handcuffs were too tight and were hurting him, and he asked Defendant to loosen, adjust, or remove them[.]" *Id.* at 4. According to Plaintiff, "Defendant heard Plaintiff's pain complaints, looked at the handcuffs, and failed and refused to loosen, adjust, or remove them." *Id.* at 5. Additionally, Plaintiff alleges that another police officer, "Officer Chica[,] heard this pain complaint, examined the handcuffs, and confirmed to Plaintiff that the cuffs were 'a little snug[,]'" while Defendant was nearby in a patrol vehicle "within earshot." *Id.* at 5-6.

Defendant argues that the BWC evidence of the events in question undermines Plaintiff's complaint, demonstrating that Defendant had no knowledge of Plaintiff's pain from the handcuffs. Doc. 9-1 at 9. According to Defendant, because an "undisputedly authentic document attached as an exhibit to a motion to dismiss by a defendant may be the basis to grant the motion to dismiss if the contents of the document contradict plaintiff's

- 9 -

allegations," Plaintiff's complaint fails. *Nigro v. Cent. Westmoreland Area Vocational-Technical Sch. Auth.*, 2021 U.S. Dist. LEXIS 228468, *2 n. 2 (W.D.Pa. Nov. 30, 2021). Given that the Court must accept Plaintiff's factual allegations as true, *Iqbal*, 556 U.S. at 678, the question becomes whether Plaintiff's allegations are sufficient to show a plausible claim for relief. The Court finds that they are.

Defendant argues that:

> Plaintiff would require this Court to believe that despite being recorded with sound for 98% of his time handcuffed during the Traffic Stop, it was only during that initial 2% of time while the audio happened to be off that he made verbal complaints directly to [Defendant]. This creates a level of implausibility . . . Second, Plaintiff would require this Court to speculate that [Defendant] – sitting in a closed patrol car next to a noisy highway – definitively heard [Plaintiff's] low voice telling Officer Chica just once that the handcuffs were causing numbness.

(Doc. 14 at 14-15). Defendant's argument ignores that, absent authentic evidence which flatly disputes Plaintiff's factual allegations, *Nigro*, LEXIS 228468, *2 n. 2, this Court is required to accept Plaintiff's factual allegations as true. *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, **accepted as true,** to state a claim to relief that is plausible on its face." (emphasis added)). Defendant correctly

- 10 -

notes that Plaintiff's amended complaint requires this Court to believe that Plaintiff's complaints of pain occurred during the "2%" of footage, but *probability* is not the standard for evaluating a 12(b)(6) motion: *plausibility* is. *Twombly*, 550 U.S. at 570. Therefore, Defendant's argument fails.

## B. Qualified Immunity

Defendant next argues that even if Defendant heard Plaintiff's complaints of pain, Defendant is protected by qualified immunity. (Doc. 9-1). The doctrine of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Stringer v. County of Bucks*, 141 F. 4th 76, 84 (3rd Cir. 2025) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). Whether qualified immunity can be invoked to shield an official from personal liability turns on the "objective legal reasonableness" of the official's action, "assessed in light of the legal rules that were 'clearly established' at the time it was taken," *Stringer*, 141 F.4th at 85 (internal citations omitted).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly

- 11 -

established' at the time of the challenged conduct." *Ashcroft v. al–Kidd,* 563 U.S. 731, 735 (2011) (quoting *Harlow,* 457 U.S. at 818). Here, Plaintiff sufficiently pleaded a plausible basis for a Fourth Amendment violation claim. Therefore, the inquiry turns on whether Plaintiff established a plausible claim that his Fourth Amendment right was "clearly established" at the time of handcuffing. *Ashcroft,* 563 U.S. at 735.

Fourth Amendment reasonableness "is predominantly an objective inquiry." *Id.* at 736 (quoting *Indianapolis v. Edmond,* 531 U.S. 32, 47 (2000)). We ask whether "the circumstances, viewed objectively, justify [the challenged] action." *Ashcroft,* 563 U.S. at 736 (quoting *Scott v. United States,* 436 U.S. 128, 138 (1978)). If so, that action was reasonable "*whatever* the subjective intent" motivating the relevant officials. *Ashcroft,* 563 U.S. at 736 (quoting *Whren v. United States,* 517 U.S. 806, 814 (1996)).

In *Stringer v. County of Bucks,* the United States Court of Appeals for the Third Circuit considered whether to deny a motion to dismiss on qualified immunity grounds when the complaint sufficiently detailed a claim for a constitutional violation but was not specific enough to assess whether the right was clearly established at the time it was allegedly violated. 141 F.4th at 81. In that case, Kimberly, who had long struggled with mental illness had been detained, pepper sprayed, and subjected to chair restraints after an

altercation with a neighbor. *See id.* Kimberly's complaint alleged that the officers violated her Fourteenth Amendment right to be free from excessive force. The District Court concluded that the complaint sufficiently pleaded a violation of Kimberly's Fourteenth Amendment rights, and denied the officers' motion to dismiss, reasoning that a "more developed factual record was needed to ascertain whether the [officers] were entitled to qualified immunity." *Id.* at 82. The Third Circuit affirmed. *Id.*

Here, the facts are similar. At this stage, it is objectively plausible that Plaintiff's Fourth Amendment rights were "clearly established" at the time of the seizure. *Ashcroft*, 563 U.S. at 735. Defendant has not demonstrated that a reasonable person in his position would have engaged in similar conduct. Therefore, a more factually developed record is necessary to determine whether Defendant is entitled to qualified immunity. *Id.* at 82. Granting Defendant's motion to dismiss based on qualified immunity would be premature and a misapplication of clearly established caselaw. *See Iqbal*, 556 U.S. at 678.

- 13 -

- 14 -

## IV.   CONCLUSION

The Court concludes that Plaintiff has stated a claim upon which relief can be granted. Therefore, Defendant's motion to dismiss will be **DENIED.** An appropriate order will be issued.

MALACHY E. MANNION
United States District Judge

DATE: 4/23/26
25-967-01

- 14 -